Opinion of the Court.
Whitesides, Lackey and Trimble, became possessed of distinct parcels of land, under a claim in the name of one Smith. The land so possessed by them was covered by a patent for 1000 acres, in the name of Van Swearingen, elder than that of Smith, and which *81 embraced other adjoining lands, and interfered in part with a patent in the name of Marshall, still elder than it. To quiet their possessions under Smith, they purchased Van Swearingen’s claim from the heirs of the patentee. The purchase was made from the heirs at different times. The last purchase, consisting of one fourth, was of one of the heirs who resided in Virginia, and that was effected through an agent, who took the conveyance in his own name. When the purchase of the whole interest in Van Swearingen’s claim was completed, Whitesides was entitled to one fourth, and Lackey and Trimble to the residue. Some controversy afterwards arose between the parties, as to the mode of making a division, and in consequence thereof, the agent who had taken the deed in his own name, declined making a conveyance. To obtain a partition and conveyance of his interest in severalty, Whitesides filed this bill in chancery against the appellees.
A court of equity ought not to decree the land to one of the contending parties, and the title to the same land to other.
The circuit court, in substance, decreed, that there should be allotted to Whitesides, one fourth of that part of Swearingen’s claim which interferes with Marshall’s elder patent, all that part which covered the original tract held by Whitesides under the claim of Smith, and so much of the residue, which was clear of dispute, as would make up one fourth of the whole tract purchased of Swearingen ; and a commissioner, appointed for the purpose, having laid off to Whitesides, one fourth, according to the directions of the decree, and returned a plat with the metes and bounds thereof, to which there was no exception taken by either party, the court entered a final decree, directing conveyances to be made, and the costs to be paid by the complainant and each of the defendants equally. From that decree Whitesides has appealed to this court, and by the assignment of error, questions the correctness of the decree upon the merits, as well as in relation to the costs.
1. With respect to the merits, we can perceive no just ground, which Whitesides has to complain. He does not pretend to claim, of Van Swearingen’s tract, more than one fourth ; nor does he object to the allotment made to him, of that proportion of the interference with Marshall’s elder patent; but he complains that he has had allotted to him more than one fourth of the interference with Smith’s claim, and less than *82 that proportion of the undisputed part of Van Swearingens claim. This is true in fact; but we cannot admit that it is unjust. The primary object of the parties, in making the purchase of Van Swearingen’s claim, was to protect and quiet their respective possessions under Smith’s claim ; and, as Whitesides held more than the proportion of one fourth of the interference between those claims, it is obvious, that he could not be entitled, in the division, to so much of Van Swearingen’s claim as covered the part he held in Smith’s, and to one fourth of the residue ; for that would be allowing to him more than the one fourth of the whole tract. But it seems that he is willing to give up the title of Van Swearingen, to a part of the tract he held under Smith, in order that he may get one fourth of the residue. But to permit this to be done, would be contrary to the intention of the parties in purchasing Van Swearingen’s claim. And besides, he is not willing to give up any part of the land he held under Smith ; and a court of equity cannot, consistently with the principles which invariably govern it, decree the title to one party, and the land to another; for this would be creating a controversy, instead of settling one. The decree upon the merits, therefore, we think, is correct; and with respect to the costs, we cannot perceive any solid objection.
Where the main object of a suit in chancery, is to obtain a division of lands, a decree directing the costs to be paid equally by the complainant and defendants, is proper.
2. Costs are never given in suits in chancery, brought for partition merely. It is true, this suit was brought to obtain a conveyance, as well as a partition ; but it is evident that the controversy arose out of a disagreement as to the mode of making the division, and that there would have been no suit, if there had been no disagreement upon that subject.
The decree must be affirmed with costs.